IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

TERRY HESTER, et al.,                )
                                     )
                  Plaintiffs,        )
v.                                   )        Case No. 2:09cv908-WHA
                                     )
REGIONS BANK, et al.,                )                  (wo)
                                     )
                  Defendants.        )

## MEMORANDUM OPINION AND ORDER

## I.  INTRODUCTION

This cause is before the court on a Motion to Dismiss or, in the Alternative, for a More

Definite Statement, and Motion to Strike (Doc. #45) filed by Wachovia Bank; a Motion to

Dismiss Amended Complaint (Doc. #69) filed by Regions Bank; a Motion for Sanctions filed by

Regions Bank (Doc. #70); Motion to Strike, or in the Alternative, to Dismiss, and for Sanctions

(Doc. #73) filed by Wachovia Bank; a Motion for Sanctions (Doc. #78) by Citibank; a Motion to

Strike Amendment to Complaint (Doc. #80) filed by Bank of America; a Motion to Dismiss or

for Summary Judgment (Doc. #94) filed by Bivens Defendants; a renewed Motion to Dismiss

(Doc. #115) filed by Citibank; and a Motion to Strike (Doc. #116) filed by the Plaintiffs.

The Plaintiffs originally filed a Complaint in this case on September 24, 2009.  In

response, several motions were filed by the Defendants named in the Complaint, prompting the

Plaintiff to file an Amended Complaint.   The Plaintiff originally premised jurisdiction on the

basis of diversity, but in the Amended Complaint alleges  federal question subject matter

jurisdiction.   The Amended Complaint brings claims for violation of the Fifth Amendment

against Leighton Greenlee and Clayton Slay pursuant to *Bivens v. Six Unknown Federal*

*Narcotic Agents*, 403 U.S. 388 (1971) (Count I), and violations of constitutional rights against Regions Bank and Wachovia Bank (Count II).  The Amended Complaint also contains state law claims for conversion against Citibank, N.A. and Bank of America (Count III), a conversion claim against Regions Bank and Wachovia Bank (Count IV), a breach of contract claim against Wachovia Bank (Count V), breach of contract claims against Regions Bank (Count VI), a breach of contract claim against Bank of America (Count VII), a slander claim against Regions Bank (Count VIII), violations of the Expedited Funds Availability Act against Regions Bank (Counts IX, X), a claim for violation of 15 U.S.C. § 1693h against Wachovia Bank, Regions Bank, Leighton Greenlee, and Clayton Slay (Count XI), and requests for declaratory judgment (Count XII, Count XIII).

The majority, but not all, of the motions pending at the time the Amended Complaint was filed were denied without prejudice by the judge to whom the case was assigned at that time.[1]  The Defendants then filed new or renewed motions in response to the Amended Complaint, sometimes incorporating briefs and arguments filed in response to the original Complaint.

The case is now before the court on all of the pending substantive motions, and the briefs in support of and in opposition to those motions.

## II.  APPLICABLE STANDARDS

### A.   MOTION TO DISMISS

---

[1] The Motion to Dismiss or, in the Alternative, for a More Definite Statement, and Motion to Strike (Doc. #45) filed by Wachovia Bank were not denied at that time, but have been rendered moot by the filing of the Amended Complaint, and new Motion to Strike, or in the Alternative, to Dismiss, and for Sanctions (Doc. #73) filed by Wachovia Bank

The court accepts the plaintiff's allegations as true, *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984), and construes the complaint in the plaintiff's favor, *Duke v. Cleland*, 5 F.3d 1399, 1402 (11th Cir. 1993).   In evaluating the sufficiency of the Amended Complaint, the court must first eliminate any allegations that are merely legal conclusions, and then assume the veracity of well-pleaded factual allegations.  *See  Ashcroft v. Iqbal*, _ U.S. _, 129 S.Ct. 1937, 1949-50 (2009); *American Dental Ass'n v. Cigna Corp.*, --- F.3d ----, 2010 WL 1930128 at *4 (11th Cir. May 14, 2010).   "[A] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."   *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (citation omitted).   To survive a motion to dismiss, a complaint need not contain "detailed factual allegations," but instead the complaint must contain "only enough facts to state a claim to relief that is plausible on its face."  *Id*. at 570.   The factual allegations  "must be enough to raise a right to relief above the speculative level."  *Id*. at 555.

## B.  MOTION FOR SUMMARY JUDGMENT

Under Rule 56(c) of the Federal Rules of Civil Procedure, summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986).

The party asking for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the 'pleadings, depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Id.* at 323.  The movant can meet this burden by presenting evidence showing there is no dispute of material fact, or by showing, or pointing out to, the district court that the nonmoving party has failed to present evidence in support of some element of its case on which it bears the ultimate burden of proof. *Id.* at 322-324.

Once the moving party has met its burden, Rule 56(e) "requires the nonmoving party to go beyond the pleadings and by [its] own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.'" *Id.* at 324.  To avoid summary judgment, the nonmoving party "must do more than show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986).  On the other hand, the evidence of the nonmovant must be believed and all justifiable inferences must be drawn in its favor. *See Anderson v. Liberty Lobby*, 477 U.S. 242, 255 (1986).

## III.  FACTS

The allegations of the Plaintiff's Amended Complaint are as follows:

Tommy Hester ("Hester"), one of the Plaintiffs in this case, deposited four documents at Regions Bank ("Regions"), in the account of Plaintiff Regency Worldwide Development, Inc. ("RWD") in August 2009.

The Amended Complaint identifies these four documents as negotiable instruments drafted upon Trust Accounts.  The nature of the instruments referred to in the Amended Complaint is very unclear from the language of the Amended Complaint itself.  Attached to the original Complaint, however, is a letter from Bradley Sherman Hampton to Secretary of the

Treasury, Timothy F. Geithner, which states that Hampton is accessing a Trust Bank Account set up for him and confirmed by the issuance of his U.S. Social Security card.  The letter further states that the documents are not Treasury Department Securities, but are to be routed through the IRS.   The court notes that the Defendants characterize the theory that the Government created a fictitious person corresponding to each newborn citizen, and that citizens can write checks against a secret Treasury account assigned to each fictitious person, as a "redemption" theory.  The Plaintiffs state in brief that they are not followers of the redemption theory, although they apparently acknowledge that the person who executed the instruments, Bradley Sherman Hampton, is.

Hester waited several days for the instruments deposited at Regions to clear.  On or about September 8, 2009, RWD, through Hester, requested that Regions wire $50,000 to Plaintiff Clayton and Lisa Vandiver's account at Bank of America to pay for a contract obligation that Hester's businesses owed Clayton Vandiver.  On or about September 9, 2009, RWD wired $200,000 from its account at Regions to its account at Wachovia Bank ("Wachovia").

The Amended Complaint alleges that on September 10, 2009, Wachovia wired the $200,000 back to RWD's Regions account.  The Amended Complaint further states that funds were taken from the Vandivers' Bank of America account and applied toward the Vandivers' monthly mortgage payment.  The Amended Complaint seeks to hold Citibank responsible for those actions.  There is no allegation that the Vandivers deposited any instruments in any accounts at issue.

Defendants Clayton Slay ("Slay") and Leighton Greenlee ("Greenlee") are agents of the

United States Secret Service.[2]  Slay is Greenlee's supervisor.  Greenlee was notified about the instruments in question by the fraud investigator at Regions.  Greenlee submitted the questioned instruments to the Department of the Treasury, and reported to Regions that the instruments were counterfeit and of no value.

Regions froze Hester's personal account and business accounts.  Alan Coleman with Regions contacted Hester on or about September 11, 2009, and informed him that Regions would unfreeze his accounts.  Hester's personal account and non-RWD business account were unfrozen for a time.  The accounts were again frozen and remain frozen.

## IV.  DISCUSSION

The federal claims asserted by Plaintiffs in this case are as follows:   a claim for violation of the Fifth Amendment against Defendants Greenlee and Slay brought by Plaintiffs Hester, Regency Worldwide Development ("RWD"), and Regency Worldwide Partners ("RWP") (Count I); a violation of the Fifth Amendment against Regions and Wachovia brought by Plaintiffs Hester, RWD, and RWP (Count II); violations of the Expedited Funds Availability Act against Regions brought by Hester, RWD, and RWP (Counts IX, X); and a violation of 15 U.S.C. § 1693h by Wachovia, Regions, Greenlee and Slay brought by RWD (Count XI) .

At the outset, the court notes that the Plaintiffs concede that the claim in Count XI is due to be DISMISSED.  *See* Doc. #86 p. 16.

The Plaintiffs have asserted Fifth Amendment due process claims.   To the extent that a substantive due process claim is alleged, it is due to be DISMISSED because the only alleged

---

[2]   In the context of the motion for summary judgment, discussed herein, the court views the evidence in a light most favorable to the non-movant Plaintiffs.

right is a property right, and to the extent that the Plaintiffs have alleged a "taking" of property, such claim must be brought under the Takings Clause of the Fifth Amendment. *See Villas v. Lake Jackson, Ltd. v. Leon Co.*, 121 F.3d 610, 615 (11th Cir. 1997) (holding that "There is no substantive due process "takings" claim that would protect a specific property right not already protected by the Takings Clause.").

The other constitutional claim asserted under the Fifth Amendment is a procedural due process claim.  As stated earlier, this claim is asserted pursuant to *Bivens v. Six Unknown Federal Narcotic Agents*, 403 U.S. 388 (1971), which is a judicially created remedy for constitutional violations by federal officers that provides a cause of action for damages. *See Lee v. Hughes*, 145 F.3d 1272, 1275 (11th Cir. 1998).

To establish a procedural due process claim a plaintiff must prove (1) a deprivation of a constitutionally protected liberty or property interest, (2) state action, and (3) constitutionally inadequate process. *See Arrington v. Helms*, 438 F.3d 1336, 1347 (11th Cir. 2006); *Paul v. Davis,* 424 U.S. 693, 702 n.3 (1976) (applying Fourteenth Amendment analysis to Fifth Amendment).   The Defendants contend that the Plaintiffs cannot establish any of these elements.

The court turns first to the requirement that the alleged deprivation of a constitutionally protected interest be a government action.   It is clear that Greenlee and Slay are government actors.   The actions taken to seize, transfer, or freeze funds in this case, however, were taken by banks.  The procedural due process claim is asserted on the theory that the bank defendants were acting in concert, or in conspiracy, with the two federal agent defendants when the Plaintiffs' funds were seized, thereby making the banks' actions federal actions.   The Plaintiffs must

7

establish either concerted action or conspiracy, both to show that the banks were government actors, *see Helms*, 438 F.3d at 1347, and that the government agents took action which allegedly deprived the Plaintiffs of a property interest. *See Iqbal*, __ U.S. __, 129 S.Ct. at 1949 (in a *Bivens* action, a government official is only responsible for his own conduct).

Greenlee and Slay have stated in declarations that at no time did they "order, instruct, or advise" any financial institution to take any particular action with regard to the bank accounts in question, nor did the agent enter any agreement to freeze the accounts or transfer or remove any funds from them. *See* Greenlee Decl. ¶ 10,[3] and Slay Decl. ¶ 4. Greenlee states that upon receiving a report from the Treasury Department, he informed the Regions Bank investigator that five purported Treasury documents were counterfeit and had no value. *Id.* at ¶ 9. Slay states that he is Greenlee's supervisor and that he never ordered Greenlee to instruct any bank to take any particular action. Slay Decl. at ¶ 5. He further states, as Greenlee's supervisor, that Greenlee gave no instructions to Regions bank on how to handle Hester, RWD, and RWP's accounts. *Id.* at ¶ 6.

The Plaintiffs have presented limited evidence in the face of the motion for summary judgment.[4] They argue that Greenlee's declaration is contradicted by a previous statement he

---

[3] Greenlee's Declaration is the subject of a Motion to Strike, filed by the Plaintiffs. The portions objected to by the Plaintiffs, however, refer to statements by bank employees and the Treasury, and not Greenlee's statements regarding his own actions. The court has only considered the Declaration to the extent that Greenlee states he received a report from the Treasury Department and conveyed that report to the bank and took no other action. The Motion to Strike is due to be DENIED as to those portions, as they are based on Greenlee's personal knowledge and not inadmissible hearsay, and is due to be DENIED as moot in all other respects as the court has not considered the rest of the declaration for purposes of deciding the motion.

[4] Statements in a brief regarding a need for discovery are not sufficient under Federal Rule of Civil Procedure 56(f).

made to Larry Brown, and is brought into question by affidavits of Plaintiff Hester and his attorney, Hense Ellis.  The court has reviewed all of the Plaintiffs' evidence and cannot conclude that it is sufficient to create a genuine issue of material fact as to the agents' role in the challenged actions.  Hester states that a Regions' security officer told him that the banks' actions were justified because the instruments were counterfeit.  That does not create a question of fact as to whether the agents told Regions how to proceed in the face of such information, however.  Ellis states that Greenlee "defensively" told him that funds could be removed from the RWD account at Wachovia because they were counterfeit.  Merely because Ellis perceived Greenlee to be answering defensively does not, however, call into question his affirmative testimony that he did not direct the banks' actions.  Brown stated that Greenlee offered an explanation for why "they" had taken funds from Wachovia, demonstrating that Greenlee was involved.  The answer, however, was in response to a question from Brown to Greenlee about why "he and/or Defendant Slay, together with the banks, had taken the funds. . ." Brown Aff. at ¶9.  Greenlee's answer using "they" in response to what was a poorly-worded question, and which referred both to Greenlee and Slay as well as the banks, is not sufficient to call into question the agents' declaration that they did not tell any bank to seize any funds.

The Plaintiffs also contend that although Greenlee states in his declaration that he told the banks the instruments were counterfeit, the report he relies on does not say "counterfeit," but instead says the instruments were not issued by the Treasury and have no financial value.  The court cannot conclude that the report contradicts Greenlee's use of the word "counterfeit." Furthermore, the court cannot conclude that Greenlee's use of the word "counterfeit" undermines in any way his affirmative statement that he did not direct any of the actions of the

banks.

The Plaintiffs also argue that even if Greenlee and Slay did not order or advise the banks to seize the Plaintiffs' funds, a question of fact remains because the declarations do not deny that the agents aided and abetted and/or otherwise caused the banks to seize the funds. The court concludes, however, that their declaration evidence covers these alleged actions, because they specifically stated that they did not order, instruct or advise any action. Furthermore, the Plaintiff has not presented evidence, only an allegation, that Greenlee and Slay aided and abettted actions of the financial institution.

Finally, the Plaintiffs argue that the four banks are institutions which are too big to fail, and owe their existence to the federal government, so the influence of the government cannot be overestimated. The Plaintiffs have cited no authority, however, for the proposition that the federal government's role in the regulation of banks is sufficient to transform the actions of the banks in this case into government action.

In short, the Plaintiffs have failed to create a question of fact as to whether the government agents acted to deprive them of property. Therefore, Greenlee and Slay's Motion for Summary Judgment is due to be GRANTED on that basis.

As to Motions to Dismiss of the banks, as stated previously, the Supreme Court and the Eleventh Circuit have directed courts evaluating the sufficiency of a complaint under Federal Rule of Civil Procedure 8 to first eliminate any allegations in a complaint that are merely legal conclusions, and then assume the veracity of well-pleaded factual allegations. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007); *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937 (2009); *American Dental Ass'n v. Cigna Corp.*, --- F.3d ----, 2010 WL 1930128 at *4 (11th Cir. May 14,

2010).

Although the present case involves a *Bivens* action, the court finds the analysis applicable to state action for purposes of § 1983 to be helpful. The three tests for deciding whether a private individual is a state actor are: (1) the public function test; (2) the state compulsion test; and (3) the nexus/joint action test. *Willis v. University Health Services, Inc.*, 993 F.2d 837, 840 (11th Cir.1993). The nexus/joint action test asks whether "the state has so far insinuated itself into a position of interdependence with the [private actor] that it was a joint participant in the enterprise." *Id.* The public function test asks whether the private actor is performing a function "traditionally the exclusive prerogative of the state." *Id.* Finally, the state compulsion test asks whether the government "has coerced or at least significantly encouraged the action alleged to violate the Constitution." *Id.* Only the first two of these tests are implicated in this case, because the actions in question are the freezing of private bank accounts, and the transfer of funds, which are not traditionally the exclusive prerogative of the state.

The Amended Complaint alleges that Greenlee and Slay ordered, aided and abetted, and/or otherwise caused virtually every act in which the various banks engaged. Amended Complaint at ¶ 63. It also alleges that the acts of Agents Greenlee and Slay and the banks were performed as part of a conspiracy. *Id.* at ¶ 64. These are legal conclusions. In the facts section of their Amended Complaint, the Plaintiffs state that Greenlee and Slay "coerced or significantly encouraged" the banks actions, *id.* at ¶ 51, and that Regions and Wachovia "followed the instructions and/or orders" of the agents. *Id.* at ¶ 56. These are also legal conclusions. In fact, some of the language in the Amended Complaint simply tracks the standard for establishing state action, as set out above. Merely reciting elements is not sufficient pleading. *Iqbal*, __ U.S. __,

11

129 S.Ct.at 1949.

The Plaintiffs have not adequately pled a conspiracy among the Defendants, nor have they adequately pled state action on any other basis.  Accordingly, the procedural due process claims against bank defendants are due to be dismissed on that basis.[5]

The third element of a procedural due process claim also cannot be satisfied in this case. The Plaintiffs have not pled that no meaningful post-deprivation remedy exists, which is necessary to show that adequate procedure has not been afforded.  *See Hudson v. Palmer*, 468 U.S. 517 (1984); *Parratt v. Taylor*, 451 U.S. 527 (1981).   The Plaintiffs would need to affirmatively demonstrate this, especially because the Plaintiffs have also brought state law conversion claims.  The Eleventh Circuit has previously recognized that a civil action wrongful conversion is an adequate post-deprivation remedy for a procedural due process violation.  *See Case v. Eslinger*, 555 F.3d 1317, 1331 (11th Cir. 2009).[6]  Therefore,  the claims against the bank defendants are due to be dismissed, and summary judgment is also due to Greenlee and Slay, on that basis as well.

With respect to the claims for violation of the federal Expedited Funds Availability Act, the Plaintiffs allege in the Amended Complaint that Regions violated this Act by failing to expedite the handling of checks and drafts that RWP drafted on its Regions account, and by failing to expedite the handling of four negotiable instruments that RWD deposited into its

_____

[5] Given the court's determination on the federal Defendants' motion for summary judgment on the same issue, giving the Plaintiffs an opportunity to replead would be futile.

[6] Having determined that the procedural due process claims fail on the bases outlined, the court need not address the remaining  issues raised as to the due process claim by the pending motions, or the service of process argument raised by Greenlee and Slay.

account.

Regions bank has moved to dismiss these claims, arguing that the documents alleged to have been deposited by the Plaintiffs in the Regions account were "Trust Account" instruments that purported to be drawn against the United States Treasury, and do not qualify as "checks" under the EFAA.  The EFAA defines a check as a "negotiable demand draft drawn on or payable through an office of a depository institution."  12 U.S.C. § 4001(7).   The Plaintiffs respond that Regions' argument should fail because Regions negotiated the instruments that Hester deposited.

There are two procedural problems with the court's evaluating Regions' motion to dismiss as to the EFAA claims.  First, Regions asks the court to determine that the claim is not plausible because the instruments at issue are not legitimate, and attaches exhibits, including a Treasury Department specimen, against which the court is presumably asked to compare the instruments deposited by the Plaintiffs.  Although the court agrees that the instruments referenced in the Amended Complaint are properly considered in the context of a Rule 12(b)(6) Motion, the court cannot reach the same conclusion with respect to the Treasury Department specimen, or other non-case law attachments by Regions.

The second procedural problem is that the Plaintiffs' EFAA claims are unclear.  There are two such claims asserted.  One appears to be based on the four instruments discussed in the Regions motion, but does not cite a provision of the EFAA allegedly violated.  The other claim appears to be written based on checks written on a  RWP account, where no disputed instruments were deposited.  The fact section of the Amended Complaint, however, does not reference any checks or withdrawals made from the RWP account, and appears to reference only amounts of $50,000 and $200,000 wired from RWD accounts.

13

Therefore, although mindful that there have been multiple filings in this case already, the court determines that the best procedure to follow is to dismiss the EFAA claims in Counts IX and X of the Amended Complaint, but allow the Plaintiffs a limited amount of time in which to file a new Amended Complaint for the purpose of more definitely stating their EFAA claims against Regions only, if they choose to proceed on such claim or claims. Regions will be given two weeks to file the appropriate responsive pleading in response to any more definitely stated EFAA claim or claims.

The motions to dismiss will be held in abeyance as to the state law claims until later Order, as will the motions for sanctions.

## V. <u>CONCLUSION</u>

For the reasons discussed it is hereby ORDERED as follows:

1. The Motion to Dismiss or, in the Alternative, for a More Definite Statement, and Motion to Strike (Doc. #45) filed by Wachovia Bank is DENIED as moot. The Motion to Strike, or in the Alternative, to Dismiss, and for Sanctions (Doc. #73) filed by Wachovia Bank is GRANTED as to the constitutional claims asserted in Count II and the 15 U.S.C. § 1693h claim in Count XI, and any claim for a declaratory judgment based on violation of federal law as against Wachovia Bank, and those claims are DISMISSED. The Motion is held in abeyance as to the state law claims asserted against Wachovia Bank. Wachovia Bank's Motion for Sanctions is also held in abeyance.

2. The Motion to Dismiss Amended Complaint (Doc. #69) filed by Regions Bank is GRANTED as to the constitutional claims asserted in Count II and the 15 U.S.C. § 1693h claim in Count XI, and any claim for a declaratory judgment based on the alleged violations of federal

14

law in Counts II and XI as against Regions Bank and those claims are DISMISSED.

The Motion to Dismiss Amended Complaint (Doc. #69) by Regions is GRANTED as to EFAA claims in IX and X of the Amended Complaint, and those claims are DISMISSED without prejudice.  The Plaintiffs are given until **June 17, 2010** to file a new Amended Complaint, complete unto itself, which more specifically pleads the alleged violations of the EFAA against Regions Bank ONLY, including the accounts and monetary amounts involved, should the Plaintiffs choose to do so.   Regions Bank is given until **July 1, 2010** to file a responsive pleading to any Amended Complaint filed.

The Motion to Dismiss is held in abeyance as to state law claims.

3. The Motion to Strike Amended Complaint and Motion to Dismiss (Doc. #80) filed by Bank of America is held in abeyance as it is directed only at state law claims.

4.  The Motion to Dismiss or for Summary Judgment (Doc. #94) filed by *Bivens* Defendants is GRANTED and judgment is entered in favor of Defendants Leighton Greenlee and Clayton Slay on all claims against them and against Terry Hester; Regency Worldwide Development, Inc.; Regency Worldwide Partners, Inc.; Clayton Vandiver; and Lisa Vandiver.

5.  The renewed Motion to Dismiss (Doc. #115) filed by Citibank is held in abeyance because it is directed at state law claims.

6.  The Motion to Strike the Affidavit of Leighton Greenlee (Doc. #116) filed by the Plaintiffs is DENIED in part and DENIED in part as moot, as discussed.

7.  The Motion for Sanctions filed by Regions Bank (Doc. #70) and the Motion for Sanctions (Doc. #78) by Citibank are held in abeyance.

Done this 3rd day of June, 2010.


 /s/ W. Harold Albritton
W. HAROLD ALBRITTON
SENIOR UNITED STATES DISTRICT JUDGE